United States District Court
District of Massachusetts

| | |
|---|---|
| GET IN SHAPE FRANCHISE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> J. LAWRENCE KILLINGSWORTH and ) <br> TRANSFORM NOW 6, LLC, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. <br> 15-13237-NMG |

MEMORANDUM & ORDER

GORTON, J.

This action is one of two cases brought by Get In Shape Franchise, Inc., a franchisor of small group fitness studios for women. Both cases were assigned to this session in August, 2015, and are brought against franchisees who allegedly breached their franchise agreements. The pro se defendants in the two cases filed similar motions to dismiss, which were referred to the Magistrate Judges assigned to each case.

On February 18, 2016, Magistrate Judge M. Page Kelley entered a Report and Recommendation ("R&R") in the other case, Get in Shape Franchise, Inc. v. William Taylor Caldwell et al. No. 15-cv-13118 (D. Mass.). This Court accepted and adopted that R&R on April 19, 2016. In the R&R, Magistrate Judge Kelley recommended the allowance of the motion to dismiss on the ground that a forum selection clause in the Franchise Agreement between

-1-

the plaintiff and the defendant mandated that disputes between the parties were to be resolved in Massachusetts state court. That clause stated:

> **Massachusetts Law Applies.** Except to the extent governed by the U.S. Trademark Act of 1946 (Lanham Act, 15 U.S.C., Section 1051 et. seq.) or the U.S. Arbitration Act, this Agreement shall be governed by the laws of the State of Massachusetts, and venue shall lie in Norfolk County, Massachusetts.

Magistrate Judge Kelley found that the use of the word "shall" in the forum selection clause indicated an intent that the reference was mandatory, making Norfolk County the exclusive forum for disputes arising under the Franchise Agreement. See Provanzano v. Parker View Farm, Inc., 827 F. Supp. 2d 53, 59 (D. Mass. 2011). Furthermore, she observed, given that no federal court sits in Norfolk County, Massachusetts, a natural reading of the forum selection clause dictates that the mandatory forum must be the state courts sitting in that county. See, e.g., Yakin v. Tyler Hill Corp., 566 F.3d 72, 76 (2d Cir. 2009). Accordingly, the District of Massachusetts is not the proper venue and dismissal of the case was recommended.

Although the pro se defendant in Caldwell had moved to dismiss on the ground of improper venue, he had not raised the issue of the forum selection clause in his motion. The parties in this case signed a Franchise Agreement containing a forum selection clause identical to the clause in the Caldwell

Franchise Agreement. As with defendant Caldwell, defendant Killingsworth moved for dismissal on the ground of improper venue but did not raise the forum selection clause.

On July 15, 2016, Chief Magistrate Judge Jennifer C. Boal entered an R&R on the motion to dismiss filed in this case. Because her analysis was limited to the issues raised in the motion, the Magistrate Judge did not consider whether the forum selection clause rendered the venue improper. Consequently, the R&R in this case recommended that the motion be denied. Although the R&R is well-reasoned, to accept and adopt it would require this Court to treat the cases dissimilarly. Therefore, in the interest of justice, the Court will reject the R&R in this case and allow the motion to dismiss for the reasons explained above and in the Caldwell R&R. See Get in Shape Franchise, Inc. v. William Taylor Caldwell et al. No. 15-cv-13118, Docket No. 17 (D. Mass. Feb. 18, 2016).

### ORDER

For the foregoing reasons, the Report and Recommendation (Docket No. 21) is rejected and defendants' motion to dismiss (Docket No. 11) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 17, 2016